**TOBIN, Secretary of Labor, v. CHAMBERS CONSTRUCTION CO. et al.**

**Civ. A. 24–52.**

United States District Court
D. Nebraska, Lincoln Division.

Aug. 23, 1952.

William C. Cull, Kansas City, Mo., for the plaintiff.

Max Kier, of Lincoln, Neb., for the defendants.

DELEHANT, District Judge.

The plaintiff has filed, as yet without any proof of service, exception to the report of pretrial conference. His pleading points out that in the course of the conference his counsel requested that counsel for the defendants admit that three designated persons, employees of the corporate defendant, were paid salaries and bonuses in amounts and during periods specified; that no record was kept of the hours by them respectively worked; that they worked on an irregular hourly basis which sometimes exceeded thirty hours per week. The pleading also asserts that the court then "suggested or ordered" that the plaintiff submit to defendants' counsel a proposed stipulation or a letter stating the facts which, plaintiff's counsel believe, can be agreed upon, and that defendants' counsel then notify plaintiff's counsel which of such facts the defendants will admit. The exception is based on the fact that the report of pretrial conference does not reflect the discussion thus outlined; and in the exception the plaintiff suggests language which in his opinion would be apt and adequate for such reflection.

The exception is being summarily denied and overruled. The ruling is being made

without hearing for the reason that even if the facts were strictly conformable to the pleading's assertions, the action to which it invites the court would not be taken.

Generally, though with a reservation, the factual narrative of the pleader is acceptable, so far as it extends. The reservation it to the effect that the presiding judge only "suggested" the indicated steps looking to a stipulation. He ordered nothing at all. The words "or ordered" are superfluous. Then, as occasionally happens in such situations, the pleading stops somewhat short of factual adequacy. When request was made during the conference for the admission of the material in question, counsel for the defendants stated that he was not in possession of information upon the basis of which he could make the admission solicited; and, after brief and cordial discussion, the attorneys expressed the view that if the data suggested were clearly and exactly specified, it, or at least much of it could probably be admitted by counsel for the defendants after reasonable examination of the corporate defendant's records.

Thereupon, the judge offered informally the suggestion which is substantially and with fairness reflected in the exception, to which, with equal informality, counsel, as the judge understands, agreed.

But the plaintiff's insistance that a record of that discussion be preserved in the report upon the conference betrays a misapprehension of the function of a pretrial conference report, at least as conferences are conducted and reported in this court.

■ What the plaintiff was seeking at the conference was material which is normally obtainable through Requests for Admission under Rule 36. It may, indeed, be obtained less austerely and with equal effectiveness during a conference under Rule 16 if, but only if, the attorney who is asked to make the admission is possessed of the information or record requisite for an affirmative answer and is willing to make it. If such a request is tendered and admission is made a record accordingly is preserved in the conference report.

■ But if the request is made, and without discreditable perversity, is rejected, or, as here, is met with an explanation of lack of information, nothing has happened of which any record need be made. A record of it could serve no purpose. In such circumstances the presiding judge would ordinarily suggest that the demanding attorney resort to Rule 36. Or in the event of the signification by counsel of a likelihood of their arrival after investigation at a mutually arranged agreement upon the facts whose admission is requested, or some of them, the judge would suggest the prosecution of efforts to that end. But in either alternative he would almost certainly make no "order" for action. And no definitive action having been taken, he would preserve no record of the discussion in the report of the session.

■ Of course, it is possible that on the tender at a pretrial conference of a carefully prepared request for the admission of certain facts, and the failure of opposing counsel for want of adequate information to reply affirmatively, the judge may by a maturely considered order direct the latter within a specified interval to investigate the facts and serve and file a written answer to the request, with a provision that the request shall be taken and held to have been admitted, if and to the extent that it shall not be formally denied in writing. But the writer hereof will rarely and only reluctantly enter such an order; for he regards the technique suggested as an uncontemplated and indiscreet circumvention of Rule 36. That contingency need be pursued no further, for no action of the suggested character occurred in the conference now under discussion.

It may be granted that in some district courts, a pretrial conference is conducted with the assistance of a court reporter who records and transcribes every word that is uttered during the session. That is simply not done in this court. Here the conference is very informal and unrecorded. It is followed by a report which, subject to occasional exception, reflects only the actions definitely and finally taken during the conference that are to govern the parties throughout the further progress of the case, not the preliminary conversation of counsel and the judge. When a stipulation

or agreement is arrived at upon a fact or a matter of evidence it is embodied in the report. But that recording does not extend to an agreement of counsel to endeavor to make such a stipulation or agreement or to a suggestion of the judge assented to by counsel that such attempt be made. It should not, for the effort may prove fruitless or only narrowly successful and may have only limited or no consequence upon the submission of the action.

No oversight characterized the preparation of the present report of pretrial conference. It contains, as it was intended to contain, a record of all finally effective understandings of counsel arrived at during the session. It will not be amended so as to include their agreements to engage in negotiations looking to still further accord. If and when such further understanding shall be reached it may be reflected either in a stipulation of counsel without the judge's participation or in a report of a supplemental pretrial conference, if such additional session be considered appropriate. If none is reached, there will be no occasion to mention the negotiations and the factual questions involved will remain for proof upon the trial.

An order is being entered accordingly.